FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN M. LAGRAND,

　　　　　Plaintiff - Appellant,

　v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

　　　　　Defendant - Appellee.

No. 09-35649

D.C. No. 3:08-cv-00363-HA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted May 6, 2010[**]
Portland, Oregon

Before:　　**KOZINSKI**, Chief Judge, **BEA** and **IKUTA**, Circuit Judges.

The ALJ based her determination that LaGrand is no longer disabled on

medical evidence and lay testimony that was extensive enough to constitute

"substantial evidence." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685,

---

[*]　　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

690 (9th Cir. 2009) ("'Substantial evidence' means more than a mere scintilla, but less than a preponderance." (internal quotation marks omitted)).  The ALJ was entitled to reject LaGrand's testimony because there was evidence of malingering, see Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003), because his testimony was inconsistent with other evidence, see Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002), and because he was intermittent in seeking treatment, see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).  Because the ALJ gave clear and convincing medical reasons for rejecting LaGrand's subjective complaints, and the portions of his sister's testimony that were favorable largely reiterated those subjective complaints, any error in failing to expressly reject the favorable portions of his sister's testimony was harmless.  See Valentine, 574 F.3d at 694.

Because there was no "[a]mbiguous evidence" or a "finding that the record is inadequate to allow for proper evaluation of the evidence," the ALJ was not required to develop the record further.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).  The ALJ was not required to order further mental evaluations, see Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001), and LaGrand provides no authority to support his claim that it was improper for the ALJ to permit testimony from only one of his two co-habitants.

We also affirm the ALJ's determination of LaGrand's Residual Functional Capacity because, "[i]n making [her] RFC determination, the ALJ took into account those limitations for which there was record support" and "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." Bayliss, 427 F.3d at 1217.  Similarly, "[t]he hypothetical that the ALJ posed to the [Vocational Expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record" and "therefore was proper." Id.  The ALJ was also entitled to rely on the Dictionary of Occupational Titles to determine that LaGrand could perform "work in the national and local economies that existed in significant numbers." Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008).

Finally, we do not consider LaGrand's claim that the ALJ failed to properly evaluate whether he met or equaled the listings of impairments because LaGrand did not present that claim in the district court.  See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**